IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KORI L. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-1040-W-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Kori L. Foster petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, but retained the residual functional capacity ("RFC") to perform work as a document preparer, addresser, or call-out operator. The ALJ thus found her not disabled.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending application on March 7, 2012, alleging a disability onset date of August 1, 2008. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. On April 18, 2013, the ALJ held a hearing and on July 10, 2013, issued a decision finding Plaintiff was not disabled. The Appeals Council denied

Plaintiff's request for review on September 18, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: (1) the claimant is employed; (2) she is severely impaired; (3) her impairment is, or is comparable to, a listed impairment; (4) she can perform past relevant work; and (5) she can perform any other kind of work. *Andrews*, 791 F.3d at 928.

Plaintiff argues that the ALJ erred by: (1) misweighing the evidence in formulating her RFC at Step Four; and (2) selecting improper jobs for her to perform at Step Five. These arguments are without merit.

**I. The ALJ rendered a proper RFC for Plaintiff.**

Plaintiff first argues the ALJ improperly discounted her credibility and misweighed the opinions of two doctors. She argues that the ALJ then omitted certain limitations from her RFC.

**A. The ALJ fairly found Plaintiff's subjective complaints to be incredible.**

The ALJ partially rejected Plaintiff's subjective complaints, R. at 21–26, which Plaintiff claims was error. The ALJ must examine the claimant's credibility to properly assess her RFC. 20 C.F.R. § 416.929(c)(3). In making this determination, the ALJ must take into account all record evidence, including the medical evidence. *Wright*, 789 F.3d at 853. Because "[t]he ALJ is in a better position to evaluate credibility," the district court must defer to his credibility findings if "they are supported by sufficient reasons and substantial evidence on the record as a whole." *Andrews*, 791 F.3d at 929.

Here, the ALJ offered ample reasons for discounting Plaintiff's credibility. First, Plaintiff made several contradictory statements to her treatment providers and to the ALJ. During hospital visits throughout 2011 and 2012, she consistently admitted to marijuana use. R. at 456, 460, 464, 525, 529. She testified during her administrative hearing that she does not use marijuana, R. at 61, and later clarified that she had not done so in the past twenty years, R. at 231. The ALJ properly discredited Plaintiff's testimony based on her lack of veracity concerning drug use. *See Karlix v. Barnhart*, 457 F.3d 742, 748 (8th Cir. 2006) ("[T]he ALJ found Karlix unreliable because his testimony at the administrative hearing regarding his consumption of

alcohol conflicted with medical documentation. This was a sufficient reason for discrediting Karlix, and we defer to the ALJ's judgment on this issue.").

Second, Plaintiff did not regularly seek treatment for some of her allegedly disabling impairments. In August 2012, a doctor found she had impairments of the left knee, R. at 618, for which she underwent surgery in October, R. at 596. In January 2013, she reported only mild to moderate pain of her left knee; her physician told her to return in one month for pain management. R. at 629, 633. She apparently never returned for any treatment. *See* R. at 22. The ALJ could hold against Plaintiff her failure to seek treatment for this impairment, especially because without a return for treatment, Plaintiff's impairment did not exist for the requisite twelve months. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) ("[The claimant's] failure to seek medical assistance for her alleged physical and mental impairments contradicts her subjective complaints of disabling conditions and supports the ALJ's decision to deny benefits."); 42 U.S.C. § 423(d)(1)(A).

Third, Plaintiff did not take all of her medications or attend all ordered treatment sessions. R. at 75 (documenting noncompliance with directive to cease drinking alcohol), 379 ("Client referred to residential treatment and she neglected to go."), 735 ("She has been noncompliant with her meds and also Therapy."); *see also* R. at 234, 380, 397, 550, 667, 692. Her noncompliance, which she does not argue was justifiable, undercuts her credibility. *See Todd v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014); *cf. Pate-Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009) (suggesting a claimant's noncompliance with psychiatric medications *can be* the result of the impairment itself and thus justifiable, although in that case "the evidence overwhelmingly demonstrate[d the claimant's] noncompliance was attributable to her mental illness").

Because the ALJ offered sound reasons for partially discrediting Plaintiff's subjective complaints, the Court rejects this argument for remand. *See Andrews*, 791 F.3d at 929.

### B. The ALJ properly weighed the doctors' opinions.

Plaintiff was treated by several doctors, including treating psychologist Holly Chatain, Psy.D. ("Dr. Chatain") and consulting physician Raphael Smith, Psy.D. ("Dr. Smith"). Dr. Chatain completed a form on which she checked a box indicating her opinion that Plaintiff has "a mental and/or physical disability which prevents him/her from engaging in that employment or gainful activity for which his/her age, training, experience or education will fit him/her." R. at 243. The ALJ gave this opinion "little weight." R. at 24. Dr. Smith provided two records, in which he opined that Plaintiff's bipolar disorder and anxiety disorder result in only mild or moderate limitations. R. at 427–37, 439–41. With an exception not relevant here, the ALJ gave "great weight" to Dr. Smith's opinions. R. at 24. Plaintiff argues that substantial record evidence does not support the ALJ's analysis.

The ALJ must rely on the medical evidence to determine a claimant's RFC. 20 C.F.R. § 416.945(a)(3). "Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control." *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014). The ALJ may discount or disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Andrews*, 791 F.3d at 928. "[T]he ALJ must give good reasons for the weight apportioned." *Id.*

Plaintiff, believing that the ALJ rejected all opinions by Dr. Chatain, accordingly argues that those rejections were error. Pl.'s Br. 19–20 (Doc. 12). However, the ALJ did not reject all opinions by Dr. Chatain. Rather, he simply refused to give great weight to a single, conclusory

5

statement by her. R. at 24. Because Plaintiff does not challenge the ALJ's treatment of this discrete opinion, the Court defers to the ALJ here. *See Wright*, 789 F.3d at 852.

As for Dr. Smith, the ALJ properly gave his opinions "great weight." Chiefly, medical evidence elsewhere in the record supports the degrees of limitation Dr. Smith found in Plaintiff: daily living, R. at 175–78, 185–86, 254, 502; maintaining social functioning, R. at 437, 484, 489; maintaining concentration, persistence, or pace, R. at 305, 307, 309–10, 415, 550, 552, 667, 692, 735; and episodes of decompensation, *see* R. at 24. *See* 20 C.F.R. § 416.927(c)(4). Although his opinions arise from checkbox forms, which ordinarily merit little weight, *see Gilliam v. Califano*, 620 F.2d 691, 693 (8th Cir. 1980), Dr. Smith supplemented them with a short, supportive narrative, which bolsters their persuasiveness. R. at 437; *see* 20 C.F.R. § 416.927(c)(3). Therefore, substantial evidence on the record as a whole supports the ALJ's decision to give great weight to Dr. Smith's opinions.

The Court holds that the ALJ properly weighed the medical evidence in adjudicating Plaintiff's claim. *See Andrews*, 791 F.3d at 928.

### C. The ALJ incorporated all of Plaintiff's limitations into his RFC formulation.

Plaintiff makes a third challenge to the ALJ's RFC formulation at Step Four, arguing that the ALJ did not include all of the limitations found by Dr. Smith. Specifically, Plaintiff believes that the ALJ's RFC formulation did not account for Dr. Smith's opinions.

An ALJ must include all relevant, credible limitations in his RFC formulation. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003). The Court finds that the ALJ's RFC formulation did account for all "moderate" limitations assessed by Dr. Smith. Although there may be some ambiguity as to the meaning of "moderate" limitations—a term undefined by Dr.

Smith—the Court resolves this uncertainty in the favor of the ALJ, to whom the Court must "defer heavily." *Wright*, 789 F.3d at 852.

Plaintiff focuses most strongly on Dr. Smith's finding that she had moderate difficulties "in Maintaining Concentration, Persistence, or Pace." R. at 435. By limiting Plaintiff to "perform[ing] simple, routine, repetitive tasks with occasional, superficial, non-confrontational, and non-negotiation types of interaction with coworkers and supervisors," R. at 20, the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, or pace. *See Gamez v. Colvin*, No. 13-4199-CV-W-DGK-SSA, 2014 WL 4112925, at *5 (W.D. Mo. Aug. 19, 2014); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001); *see also Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) ("[I]t is significant to note that the ALJ did not necessarily attribute all three impairments—deficient concentration, persistence, and pace—to [Plaintiff in this case]. The classification is written in the disjunctive: "Deficiencies of Concentration, Persistence *or* Pace.").

Therefore, the ALJ included all credible limitations in Plaintiff's RFC formulation. *See McGeorge*, 321 F.3d at 769.

## II. Because Plaintiff can work as an addresser, and there are significant numbers of addresser jobs in the national economy, the ALJ did not err at Step Five.

The ALJ found that Plaintiff can perform work as a call-out operator, document preparer, and addresser. R. at 27. Plaintiff's final argument is that the ALJ erred at Step Five because she cannot actually work as a call-out operator or document preparer.

At Step Five, the ALJ must select jobs that Plaintiff can perform, and demonstrate that these jobs exist in significant numbers in the national economy. 20 C.F.R. § 416.960(c). It is unclear exactly what constitutes "significant numbers in the national economy," but the Court of

7
Case 4:14-cv-01040-DGK   Document 21   Filed 01/04/16   Page 7 of 8

Appeals for the Eighth Circuit has upheld an ALJ's determination that 200 regional jobs and 10,000 national jobs were sufficient. *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997).

Here, assuming without deciding that the ALJ erred in deciding Plaintiff could work as a call-out operator or document preparer, such error was harmless because he found that she could perform another job: an addresser. Given his unchallenged finding that there are 400 addresser jobs available regionally, and 12,000 jobs available nationally, R. at 27, the ALJ satisfied his burden at Step Five. *See Johnson*, 108 F.3d at 180; *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) (classifying a VE's "mistaken recommendation" as a harmless error because the VE recommended other work that the claimant could perform with her RFC).

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 4, 2016           /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT